MARY'S OPINION HEADING 








NO. 12-09-00447-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

ANTHONY MINER,                                     §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
 COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

Anthony Miner appeals his conviction
for evading arrest or detention.  Appellant’s counsel has filed a brief asserting compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d
493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969).  Thereafter, Appellant filed a pro se brief.  We dismiss the appeal.  

 

Background

A Smith County grand jury
returned an indictment against Appellant for the offense of evading arrest or
detention.  The indictment alleged that Appellant used a vehicle in his attempt
to evade arrest and that he used a deadly weapon.  Accordingly, the offense in
this case was a third degree felony.[1]
 The grand jury also
alleged that Appellant had a prior felony conviction, which elevated the
potential sentencing range to that of a second degree felony.[2]  

Appellant pleaded not guilty at
his jury trial.  The jury found him guilty of evading arrest or detention,
found that he fled in a vehicle, and found that he used a deadly weapon in the
commission of the offense.  Appellant pleaded true to the sentencing
enhancement, and the jury assessed a sentence of imprisonment for twenty
years.  This appeal followed.  

 

Analysis Pursuant to Anders v. California

Appellant=s
counsel has filed a brief in compliance with Anders and Gainous. 
Counsel states that he has diligently reviewed the appellate record and that he
is well acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel=s brief presents a
thorough chronological summary of the procedural history of the case and
further states that counsel is unable to present any arguable issues for
appeal.  See Anders, 386 U.S. at 745, 87 S. Ct. at 1400; see
also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L.
Ed. 2d 300 (1988).  

Appellant
filed a pro se brief in which he raised issues concerning sufficiency of the
evidence and ineffective assistance of counsel.  We have considered counsel’s
brief and Appellant’s pro se brief and have conducted our own independent
review of the record.  We found no reversible error.  See Bledsoe v.
State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408B09 (“After the
completion of these four steps, the court of appeals will either agree that the
appeal is wholly frivolous, grant the attorney=s
motion to withdraw, and dismiss the appeal, or it will determine that there may
be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion delivered October 27,
2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. §§ 12.35(c)(1),
38.04(b)(1)(B) (Vernon Supp. 2009). 

 





[2] See Tex. Penal Code Ann. § 12.42(a)(3)
(Vernon Supp. 2009).